**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JEE FAMILY HOLDINGS, LLC, *et als.*,<br><br>**Plaintiffs**,<br><br>**v.**<br><br>SAN JORGE CHILDREN'S HEALTHCARE, INC.,<br><br>**Defendant**. | **Civil No.** 12-2021 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are a series of pleadings[1] regarding information that was inadvertently produced by FirstBank Puerto Rico ("FirstBank"), which is not a party in the case, in response to a subpoena. In short, defendant San Jorge Children's Healthcare, Inc. ("SJHC") seeks an order pursuant to Federal Rule of Civil Procedure 45(d)(2)(b) requiring plaintiffs to return the information at issue, prohibiting plaintiffs from using the information unless expressly allowed by the Court, and imposing sanctions for violating Rule 45. (Docket No. 60.) The plaintiffs, in return, ask the Court to deem the confidentiality of the

[1]The parties filed numerous, repetitive pleadings with respect to this issue. The Court has already expressed its frustration with the "cat-fight among parties concerning discovery," (Docket No. 56), of which these pleadings seemingly revive. The Court again urges the parties to resolve discovery disputes among themselves in accordance with Local Rule 26(b), and to limit their filings regarding discovery matters to the Court.

contested documents waived,[2] to compel production of withheld contested records by FirstBank, and to deny FirstBank's request for payment for document production.[3] (Docket No. 62.) For the reasons explained below, both parties' motions are **DENIED**.

FirstBank requests that it be reimbursed for the expenses it incurred to produce the documents. That motion is **GRANTED**.

## I. Background

On March 11, 2013, the Court entered a confidentiality order regarding discovery. (Docket No. 19.) On April 23, 2013 plaintiffs served a subpoena on FirstBank seeking 17 categories of documents related to the stock valuation claim in this case. Defendant SJCH moved to modify the subpoena to preclude disclosure of confidential financial information of non-parties. (Docket No. 33.) On September 5, 2013, upon agreement of the parties, the Court ordered FirstBank to produce all uncontested documents (Docket Nos. 54 & 56.) Defendant SJCH asked FirstBank for an opportunity to inspect the documents prior to production. FirstBank sent copies of the documents simultaneously to counsel for plaintiffs and defendant, however, without providing SJCH time to review them. Upon receiving the documents responsive to the subpoena, plaintiffs' counsel

[2]Plaintiffs request that waiver be found within the scope of the confidentiality order governing the document production. (Docket No. 19.)

[3]FirstBank's request for payment was made in Docket No. 55.

notified defendant SJCH's counsel that contested[4] as well as uncontested documents had been produced. (Docket No. 72-1.)

## II. Discussion

### A. Rule 45 Does Not Apply to the Inadvertently Disclosed Documents

Defendant SJCH now argues that Federal Rules of Civil Procedure 26(b)(5)(B) and 45(d)(2)[5] require the return, destruction, or sequestration of inadvertently disclosed information. Plaintiffs counter that the contested records are not privileged, and any confidentiality that applied to the records was waived by their disclosure. For the reasons set out below, the Court finds that Rules 26 and 45 do not apply to the records at issue, and that waiver is not appropriate at this stage.

Rule 45(d)(2)(B) provides for the "return, sequester, or [destruction]" of "information produced in response to a subpoena [that] is subject to a claim of privilege or of protection as trial-preparation material." Fed.R.Civ.P 45(b)(2)(B). "The party invoking the privilege must show both that it applies and that it has not been waived." Lluberes v. Uncommon Prods., LLC, 663 F.3d 6,

---

[4]The contested documents at issue for purposes of this memorandum are financial records of an individual who is a major shareholder of defendant SJCH, who is not a party to this litigation.

[5]Rule 26(b)(5)(B) governs the applicability of claims of privilege to information produced in discovery generally, while Rule 45(d) pertains specifically to information produced in response to a subpoena. Accordingly, the Court focuses on Rule 45 analysis for the purposes of this order.

24 (1st Cir. 2011). Pursuant to Rule 45(d)(2)(A), which provides methods by which a non-party may withhold subpoenaed information on the grounds of privilege and thus offers relevant analysis here, a claim of privilege must contain sufficient information and be made in a timely manner. Marx v. Kelley, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991). The "universally accepted means" of claiming that requested documents are privileged, is through a privilege log. In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001)(internal quotation omitted). If a party claiming privilege fails to describe the basis for the privilege adequately, or to assert it in a timely manner, the claim may be rejected or waived. Marx, 929 F.2d at 12; Dorf & Stanton Commc'ns, Inc. V. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996).

Although defendant SJCH argues vigorously that the privilege has not been waived, it has not alleged that a privilege exists or that a privilege log has been produced. Rather, it merely contends that because the inadvertently disclosed documents are confidential, they are privileged. Defendant SJCH urges the Court to apply the reasoning of a district court in Delaware which treated an assertion of confidentiality as paramount to a claim of privilege for Rule 45 purposes. See Adobe Systems, Inc. v. Macromedia, Inc., 2001 WL 1414843 at *1 (D. Del. 2001). With such little persuasive authority on this point, however, the Court declines to adopt this rationale. Defendant SJCH's claim of

privilege is waived and therefore rejected because it failed to describe the basis for the privilege adequately by not preparing a privilege log. Accordingly, in the absence of any claim of privilege, Rule 45 does not apply to the inadvertently disclosed documents, and defendant SJCH's requests pursuant to Rule 45 that the documents be returned, sequestered, or destroyed by plaintiffs; that the use of the documents be limited; and for sanctions are **DENIED.** Additionally, plaintiffs' arguments for waiver grounded in Rule 45 are inapplicable in this setting.

**B. Confidentiality Order**

The Court's confidentiality order, entered on March 11, 2013, explicitly states that "[n]o party shall be held to have waived any right pursuant to Federal Rule of Civil Procedure 26 by inadvertent production." (Docket No. 19 at ¶ 10.) The parties do not contest that defendant SJCH did not intend for the documents to be produced. As mentioned above, defendant SJCH attempted to review the documents produced by FirstBank prior to their production, but were not given an opportunity to do so. Because the documents was produced inadvertently, they remain protected by the confidentiality order, and do not result in a waiver of any claim of privilege that may apply to them or to additional contested FirstBank documents that remain unproduced.

**C. FirstBank's Request for Payment**

Pursuant to an unopposed motion to compel, the Court ordered FirstBank to comply with the subpoena on September 5, 2013. On September 10, 2013, FirstBank filed a motion in compliance with the Court's order, and attached a request for payment seeking reimbursement for $1,408.00 expended in labor responding to the subpoena. (Docket No. 55.) Plaintiffs, in their motion to deem confidentiality waived, (Docket No. 62), ask the Court to deny FirstBank's request for payment, without providing any argument or authority in support of this request.

FirstBank seeks payment of production expenses pursuant to Rule 45(c), which shields non-parties from "undue burden or expense" resulting from litigation-related document production. Fed.R.Civ.P. 45(c)(1). This section of Rule 45 was added to protect non-parties "against significant expenses resulting from involuntary assistance to the court." Fed.R.Civ.P. 45 (Advisory Committee Notes, 1991 Amendment, subdivision (c)). In the context of discovery determinations, the First Circuit Court of Appeals has recognized that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998). When determining whether a subpoena *duces tecum* imposes an undue burden on a party, courts consider factors such as "the relevance of the documents sought, the necessity of

the documents sought, the breadth of the request, . . . expense and inconvenience." Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008)(internal quotation omitted). Generally, absent an order compelling document production, or "where the equities of a particular case demand it," a non-party must front its own production costs. Id.; In re Honeywell Intern., Inc. Sec. Litig., 230 F.R.D. 293, 302-03 (S.D.N.Y. 2003)(internal quotation omitted).

The Court finds that these factors weigh in favor of FirstBank's request for payment. The documents sought in the subpoena to FirstBank — financial records necessary for the valuation at issue in the litigation — are both relevant and necessary. Though FirstBank by its own admission never refused to produce documents (Docket No. 55 at ¶ 3), its production was pursuant to a court order. Additionally, as evidenced by FirstBank's request for an extension of time to sort through the "voluminous documents" requested, (Docket No. 32), the request imposed expense and inconvenience on FirstBank. FirstBank has reduced the costs sought by declining to seek reimbursement for copying expenses, but merely for the labor required to comply with the production order. (Docket No. 55 at ¶ 7.) Because FirstBank is not a party to the litigation, the burden imposed upon it by production receives special consideration. Cusumano, 162 F.3d at 717. For these reasons, the Court **GRANTS** FirstBank's request for payment. (Docket No. 55).

**D. FirstBank Documents that Have not Been Produced**

On October 9, 2013, the Court ordered the parties to provide a list of all documents identified in the FirstBank subpoena that they agreed were **uncontested**. (Docket No. 76.) SJCH filed a motion that did not respond to the Court's order, and contained a request for an extension of time to provide a list of all **contested** documents. (Docket No. 80.) Plaintiffs filed a notice of compliance with the order, which stated that no list of uncontested documents exists, and attached a number of exhibits revealing communications between counsel regarding FirstBank's document production. (Docket No. 83.) The Court **grants defendant SJCH an extension until November 1, 2013** to produce a list of both contested and uncontested documents if such a list exists, if the list does not exist, defendant SJCH will produce a certification to that effect.

**III. Conclusion**

For the reasons explained above, defendant SJCH's request that the inadvertently produced documents be returned, sequestered, or destroyed is **DENIED;** plaintiffs' request that confidentiality be waived as to all remaining contested documents is **DENIED;** FirstBank's request for payment by plaintiffs is **GRANTED**; and defendant SJCH's request for an extension of time to produce a list

of contested and uncontested documents is **GRANTED** until November 1, 2013.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 23, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE